**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Valveeta M. BOYD,**
**Defendant–Appellant.**

No. 89–5130.

United States Court of Appeals,
Tenth Circuit.

April 16, 1990.

---

arrive at the quantity of narcotics for purposes of determining the base offense level.

Defendant's sister, Lavonda Boyd, was intercepted September 20, 1988, at the Salt Lake City, Utah airport, transporting a half-kilo of cocaine from Los Angeles to Tulsa, Oklahoma. Lavonda agreed to cooperate with Drug Enforcement Administration agents, and completed the trip to Tulsa, where defendant and her boyfriend, Orlando Reed, picked Lavonda up and secured delivery of the cocaine. All three were indicted.

Lavonda Boyd thereafter agreed to provide full cooperation with the government and to testify as a government witness, in return for which the government dismissed one of the counts against her. Lavonda revealed to agents that she had made a previous trip to Los Angeles to procure eight (8) ounces of cocaine for delivery to the defendant in Tulsa. Lavonda also revealed that her mother, Maedella Boyd, had made purchasing trips to Los Angeles for the defendant, although the amount of cocaine she had delivered was unknown.

Tony M. Graham, U.S. Atty., and John S. Morgan, Asst. U.S. Atty., Tulsa, Okl., for plaintiff-appellee.

Robert S. Durbin, Tulsa, Okl., for defendant-appellant.

Before HOLLOWAY, Chief Judge, BALDOCK, Circuit Judge, and BRIMMER, Chief District Judge.*

BRIMMER, Chief District Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Defendant Valveeta Boyd appeals from the sentence entered upon her plea of guilty. Defendant contends the sentence imposed was the result of an incorrect application of the Federal Sentencing Guidelines. She argues the District Court erred in aggregating quantities of drugs she revealed in the plea agreement process to

Defendant Valveeta Boyd pleaded guilty on June 5, 1989 to a charge of possession of approximately 495 grams of cocaine, a schedule II narcotic controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) and Title 18 U.S.C. § 2.

To qualify for a two-level reduction pursuant to the United States Sentencing Commission, *Guidelines Manual* § 3E1.1 [hereinafter *Guidelines* ], Valveeta made certain disclosures to the probation officer, including disclosures relating to the narcotics purchasing trips taken previously by Lavonda and her mother.

The presentence report aggregated the quantity of cocaine to which Valveeta pleaded guilty (495 grams) with the amounts of cocaine previously transported by her sister and mother, arriving at a total of 806.85 grams. The base offense level applied pursuant to *Guidelines*

* The Honorable Clarence A. BRIMMER, United States District Judge for the District of Wyoming, sitting by designation.

§ 2D1.1(a)(3) was Level 26 (at least 500 grams but less than 2 kilograms of cocaine) instead of Level 24 (at least 400 grams but less than 500 grams of cocaine). Valveeta qualified for a two-level reduction for acceptance of responsibility. She also received a two-level increase for her aggravating role as an organizer, leader, manager, or supervisor in the criminal activity, pursuant to *Guidelines* § 3B1.1. Thus, the recommended sentencing level was 26. Under the Guidelines, the sentencing range for Level 26 is 63–78 months; for Level 24, 51–63 months.

Defendant filed a reply to the presentence report, objecting primarily to the aggregation of the amounts of cocaine which her mother and sister had delivered to her with the amount she had pleaded guilty to. Defendant did not dispute the consideration of "relevant conduct" in determining the offense level. She did dispute the aggregation of quantities in her case, on two grounds. The first ground cited by defendant was that the Probation Officer who prepared the presentence report used against her information which she herself had provided in an attempt to gain a reduction in sentence for acceptance of responsibility. Second, defendant argued that she should be sentenced for no more than the quantity of cocaine to which she had pleaded guilty.

Defendant further contested the application of the aggravating-role provision to her, and requested the court depart from the Guidelines as it is authorized to do under *Guidelines* § 5K2.0. Defendant also disputed the amount of cocaine which her sister had transported on her first trip, claiming there were five (5) ounces, not eight (8), as Lavonda had told the agents.

At sentencing, the court recognized the inequity of enhancing sentence for "being truthful and honest." Transcript of Chambers Sentencing, July 13, 1989, at 12. However, the court stated, "I don't believe that factual basis exists." *Id.* The court determined the applicable offense level was

26, *id.* at 4, and sentenced the defendant to 63 months in prison followed by a four-year period of supervised release, and imposed a $50 special assessment. Defendant appeals the imposition of that sentence.

The Guidelines provide that the sentencing court consider all "acts or omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Guidelines* § 1B1.3(a). The commentary to that section specifically addresses drug distribution cases, and says "quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." We recently held that the Guidelines require aggregation of quantities from drug offenses " 'that were part of the same course of conduct or common scheme or plan as the offense of conviction,' regardless of whether the defendant was convicted of the underlying offenses pertaining to the additional amounts." *United States v. Rutter*, 897 F.2d 1558, 1562 (10th Cir.1990). Defendant does not challenge the sentencing court's consideration of other cocaine deliveries as part of the "common scheme;" rather, she objects to the method by which she claims the court obtained knowledge of the other deliveries.

Defendant argues that she was compelled[1] to cooperate with the Probation Office in order to qualify for a two-level reduction for acceptance of responsibility. In the course of that cooperation, she revealed information regarding the quantities of cocaine transported by her sister and mother, which was then used to increase her sentence by two levels. This, defendant contends, is the very sort of prosecutorial conduct sought to be prevented by the Tenth Circuit in *United States v. Shorteeth*, 887 F.2d 253 (10th Cir.1989).

In *Shorteeth*, the defendant entered into a plea agreement in which the government agreed "to institute no prosecution against

1. Defendant was not "compelled" to cooperate with the Probation Office; she did so freely in order to benefit from the reduction of sentence

for acceptance of responsibility. *See United States v. Mocciola*, 891 F.2d 13, 16 (1st Cir.1989).

her for information she might reveal through her cooperation." *Id.* at 254. We held that the agreement was "clearly encompassed within *Guidelines* § 1B1.8(a)'s coverage of agreements 'that self-incriminating information ... will not be used against the defendant.'" *Id.* at 256.

We need not decide whether our holding in *Shorteeth* applies even when there is no agreement to which § 1B1.8 would apply, because there is an even more fundamental difference between that case and the one before us. Defendant's sentence was not enhanced by information of her own admission, but by information supplied by her sister, Lavonda. Defendant merely corroborated her sister's story. That was the finding of the court below when it stated that, although a person should not be penalized for making truthful statements, that was not the case for this defendant. We will disturb the court's factual finding only if clearly erroneous, and we afford due deference to the district court's application of the Guidelines to the facts. *United States v. Kirk*, 894 F.2d 1162, 1163 (10th Cir.1990).

There is no dispute as to the facts of the prior trips by Lavonda and Maebella Boyd; only as to the quantities involved in those trips. If we accept as true defendant's statement that Lavonda transported only five (5) ounces [2] of cocaine on her prior trip to Los Angeles, that quantity, aggregated with the 495 grams to which defendant pleaded guilty, is more than sufficient to exceed the 500–gram threshold for application of Level 26.

Defendant argues that *Shorteeth* applies because she "partially confirmed what was previously the bare assertion of her accomplice, co-defendant, and sister ..." Appellant's Brief at 5 (emphasis omitted). The information provided by defendant's sister needed no confirmation by the defendant in order for the court to consider it in imposing sentence. 18 U.S.C. § 3661 provides

that "[n]o limitation shall be placed on the information ... a court ... may receive and consider for the purpose of imposing an appropriate sentence." We have held that the standard for sentencing evidence is by a preponderance of the evidence. *Rutter*, 897 F.2d at 1560; *United States v. Frederick*, 897 F.2d 490, 491 (10th Cir. 1990); *Kirk*, 894 F.2d at 1164. Information about a narcotics delivery from the person who made the delivery meets that burden of proof. Because we find that defendant's sister provided sufficient information to support the aggregation of cocaine quantities for purposes of sentencing, we need not address the propriety of using defendant's own disclosures for those purposes, and we do not consider the application of *Shorteeth* to these facts.

Defendant finally argues that the sentencing court should have departed from the Guidelines, as authorized under *Guidelines* § 5K2.0, because the aggregated quantities created unjust punishment. § 5K2.0 provides that "[t]he controlling decision as to whether and to what extent departure is warranted can only be made by the court at the time of sentencing." We defer to the discretion of the sentencing judge.

Finally, the defendant urges this Court to remand the case because it is unclear whether the sentencing court applied Level 24 or Level 26 to sentence her. Although we are not convinced of the significance of this issue, we need not address it as we find it is clear that the court below applied Level 26 in sentencing defendant.[3]

Accordingly, the sentence imposed below is AFFIRMED.

---

2. 5 ounces = 141.75 grams.

3. MR. JOHNSON: ... the defendant states the approximately five ounces of cocaine that was transported in July was not eight ounces as in the presentence reports, those amounts do not change the base level of the offense. It

would remain the same whether it was five ounces or eight ounces.
THE COURT: Twenty-six. Twenty-eight less the admission of responsibility to twenty-six?
Transcript of Chambers Sentencing at 4.