920 F.2d 927
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald E. REED, Jr., Defendant-Appellant.
 No. 90-5027.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 3, 1990.
Decided Dec. 14, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CR-89-235-HAR)
 Robert Thomas Durkin, Jr., Baltimore, Md., for appellant. Breckinridge L. Willcox, United States Attorney, Andrew G.W. Norman, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronald E. Reed, Jr., pled guilty to conspiracy to distribute over 500 grams of cocaine (21 U.S.C. Sec. 846) and money laundering (18 U.S.C. Sec. 1956(a)(3)(A)). He appeals the sentence imposed under the sentencing guidelines. We affirm.
 
 
 2
 After his arrest, Reed cooperated with the government and provided information about a number of his co-conspirators which assisted in their prosecution. Reed also testified at the trial of one or more of them. In his plea agreement, Reed stipulated that he knew or reasonably could have foreseen that over fifteen kilograms of cocaine were involved in the conspiracy and that his base offense level should be 34. The stipulation also specified that information provided by Reed to the government would not be used against him, directly or indirectly.
 
 
 3
 At sentencing, Reed was given a two-level reduction in base offense level for acceptance of responsibility and another two-level reduction, on the government's motion, for substantial assistance. However, Reed argued for the first time that a base offense level of 34 was too high because the government had no information connecting him with more than fifteen kilograms until he began to cooperate and provided the connection himself. He contended that U.S.S.G. Sec. 1B1.8(a) precluded use of that information in determining the guidelines range.* However, under Sec. 1B1.8(b)(1), the government is not restricted in its use of information in its possession before it enters into a cooperation agreement. The district court found that the government possessed information which connected Reed with the distribution of over fifteen kilograms of cocaine before he was arrested and began cooperating.
 
 
 4
 Our review of the record discloses that the district court's determination is not clearly erroneous. Affidavits submitted with applications for search warrants before Reed's arrest contain information connecting him with the distribution of over fifteen kilograms of cocaine. His later corroboration of information already known to the government does not prevent the district court from considering it in determining the guidelines range. See United States v. Kinsey, --- F.2d ----, No. 89-1675 (5th Cir. Nov. 1, 1990) (1990 WL 165944); United States v. Boyd, 901 F.2d 842 (10th Cir.1990).
 
 
 5
 The sentence imposed by the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Section 1B1.8(a) provides:
 Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and the government agrees that self-incriminating information so provided will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.