7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ryan G. HOOD, Defendant-Appellant.
 No. 92-3661.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 1
 Before: KENNEDY and BATCHELDER, Circuit Judges, and WILHOIT, District Judge.*
 
 ORDER
 
 2
 Ryan G. Hood, a federal prisoner, appeals his conviction and sentence following his guilty plea to conspiracy to possess with intent to distribute and to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hood and twenty-four codefendants were charged in a 91-count indictment handed down on August 28, 1991. Hood was named in five of these counts. On January 7, 1992, Hood pleaded guilty to count 1 (the conspiracy count) pursuant to a Rule 11 plea agreement. Under the terms of the plea agreement, Hood also agreed to provide truthful information which the government would not use against him, and to forfeit his interest in the automobile involved in count 19. In return, the government agreed to dismiss the remaining counts and to stipulate to a drug quantity of 10 kilograms.
 
 
 4
 The district court sentenced Hood on June 18, 1992, to 120 months' imprisonment and five years' supervised release. This sentence was the result of a downward departure from offense level 34 to offense level 31, pursuant to the government's motion for departure due to substantial assistance, and a criminal history category of I. Hood timely appealed.
 
 
 5
 Hood's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel raises two issues in his brief: (1) the district court erred by applying a two-level enhancement to Hood's base offense level for use of a weapon, and (2) the district court erred by utilizing information protected by U.S.S.G. § 1B1.8 to determine Hood's role in the offense and the quantity of cocaine for which the defendant should be held accountable.
 
 
 6
 Upon review, we hereby permit counsel to withdraw because Hood's appeal is frivolous. The brief submitted pursuant to Anders reflects a careful review of the record, concludes that no reversible error exists, and adequately sets forth conceivable errors in Hood's proceedings. We also affirm the district court's judgment because the court did not err in sentencing Hood.
 
 
 7
 Hood first argues that the district court erred when it applied a two-level enhancement for using a weapon pursuant to U.S.S.G. § 2D1.1(b)(1). Although Hood had originally objected to the district court's application of this enhancement, at sentencing he conceded that there was sufficient evidence to support the enhancement and withdrew his objection. Thus, he has waived his right to appeal this issue. See United States v. Nagi, 947 F.2d 211, 213-14 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992).
 
 
 8
 In any event, the district court did not clearly err when it found that Hood possessed a weapon in connection with his drug offense. See United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991). The crux of Hood's argument is that the district court relied upon information given by Hood under the protection of § 1B1.8 in finding that he possessed a firearm. However, Hood conceded that sufficient evidence existed to support application of the weapons enhancement, obviously making the government's burden of proof less onerous. Moreover, a firearm was found at Hood's house at the time of his arrest. Hood told the probation officer who prepared his PSI that he did possess a 9 millimeter handgun which he kept for personal protection in his attic "in the event someone came to his home." The court could infer that this need for protection was, in fact, related to Hood's drug trafficking. Moreover, the district court ultimately found that the information in question did not come from Hood himself during debriefing (and thus, was not protected) and that the probation officer correctly interpreted and applied the guidelines. See United States v. Davis, 912 F.2d 1210, 1213 (10th Cir.1990).
 
 
 9
 Hood's second argument is meritless because, contrary to his belief, the district court did not rely on protected information when it determined his role in the offense and the drug quantity attributable to him. Hood did not object to either the application of the enhancement for his role in the offense or relevant conduct at sentencing. Therefore, he has again waived his right to appeal these issues. See Nagi, 947 F.2d at 213-14.
 
 
 10
 In any event, the PSI information to which Hood now objects was not obtained from Hood during debriefing and so was not protected by § 1B1.8. Hood is simply incorrect in his assertion that the district court attributed 23 kilograms of cocaine to him for sentencing purposes. The district court expressly honored the stipulation contained in the plea agreement which provided for only 10 kilograms of cocaine. Finally, it is noted that Hood was the beneficiary of a downward departure to offense level 31 based upon the government's motion pursuant to U.S.S.G. § 5K1.1. He is currently serving the mandatory minimum term set by statute. See 21 U.S.C. § 841(b)(1)(A)(ii).
 
 
 11
 In addition to the issues set forth by counsel in his Anders brief, we have reviewed the transcript of Hood's plea proceedings and conclude that the totality of the circumstances surrounding Hood's plea establishes that it was voluntarily, knowingly, and intelligently given. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).
 
 
 12
 Accordingly, counsel's motion to withdraw is granted. Because the district court did not err in accepting Hood's guilty plea or in imposing sentence, its judgment, entered on June 22, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation