46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Judy CAMPBELL, Defendant-Appellant.
 No. 94-6295.
 United States Court of Appeals, Tenth Circuit.
 Jan. 18, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The defendant, Judy Campbell, brings this appeal challenging the "amount of loss" used in calculating her sentencing guideline range. We affirm.
 
 BACKGROUND
 
 3
 The facts, as found by the district court, are undisputed. On May 26, 1994, an Information was filed in the United States District Court charging Mrs. Campbell with obtaining money from financial institutions by false pretenses in violation of 18 U.S.C. 1344(2). On June 2, 1994, Mrs. Campbell signed a consent to institute a presentence investigation before conviction or plea of guilty. On July 6, 1994, the presentence investigation report was disclosed to counsel for Mrs. Campbell and subsequently, a plea of guilty entered. Written objections to the report were filed on July 28, and an amended presentence report was prepared reflecting several objections relating to relevant conduct, restitution, and downward departure.
 
 
 4
 At the sentencing hearing held on August 1, 1994, Mrs. Campbell first objected to the amount of loss used to calculate the applicable guideline range. During the course of plea negotiations, the government disclosed the amount of loss to be $45,019.59. Prior to submission of the presentence report and Mrs. Campbell's plea of guilty, however, the government obtained information from a confidential informant who revealed an additional $66,636.66 in claimed losses. The district court concluded these additional losses should be used in fixing Mrs. Campbell's guideline range. Based on a total loss of $111,656.25, the guideline range was 10 to 16 months incarceration.
 
 DISCUSSION
 
 5
 Mrs. Campbell argues the district court erred in using the additional amount of claimed losses in computing her guideline range. First, she argues it was error to utilize amounts lost that were not disclosed by the government in the course of plea negotiations. While the precise basis for this objection is not clear, it appears the argument is premised on the fact the government extended an offer which included a promise of "no further prosecution" for acts committed by Mrs. Campbell. Mrs. Campbell rightly does not allege, however, that utilizing the additional amounts lost in calculating her guideline range constitutes further prosecution. As such, we fail to see how such utilization amounts to a violation of the plea agreement.
 
 
 6
 To the extent Mrs. Campbell is arguing the government is somehow precluded from gathering additional information regarding the crimes charged once a plea agreement has been reached in theory, we disagree. No contention is made that the government agreed to cease gathering information and indeed, the record reveals Mrs. Campbell was aware of the government's ongoing investigation.
 
 
 7
 In United States v. Easterling, 921 F.2d 1073 (10th Cir.1990), cert. denied, 500 U.S. 937 (1991), the defendant was faced with a sentencing information in excess of initial estimates. In rejecting the argument the new information should not have been considered in sentencing, the court found it noteworthy that the defendant declined an opportunity to withdraw his plea. Id. at 1076. Here, Mrs. Campbell had not entered a plea of guilty prior to receiving the presentence report, which included the additional loss amounts. Moreover, Mrs. Campbell stated at the sentencing hearing that she had read the report and discussed the consequences of it with counsel. Mrs. Campbell cites no authority for the proposition that the government must cease all investigations once a plea agreement has been reached in theory, nor has she pointed to any facts that lend credence to such a proposition.
 
 
 8
 Next, Mrs. Campbell argues utilizing the additional losses violates the 1B1.8 agreement contained in her plea. Section 1B1.8(a) provides, in part:
 
 
 9
 Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range.
 
 
 10
 USSG 1B1.8(a).
 
 
 11
 Mrs. Campbell argues this provision cannot be read literally, i.e., to apply only in cases where the information provided pertains to "others," but must also shield information that concerns illegal activity implicating only the defendant. This case does not require us to address that issue. Section 1B1.8(a) provides protection for a defendant with respect to information that person provides in the course of cooperating with the government. This provision is concerned, generally, with avoiding the consequences of self-incrimination when providing the government with information. See United States v. Shorteeth, 887 F.2d 253, 257 (10th Cir.1989). Section 1B1.8 has no application here, because the additional amounts of loss included in the loss calculation were not provided by Mrs. Campbell, but by the confidential informant. See United States v. Boyd, 901 F.2d 842, 845 (10th Cir.1990) (holding 1B1.8 inapplicable because "[d]efendant's sentence was not enhanced by information of her own admission, but by information supplied by her sister"). As such, this allegation of error must also fail.
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470