**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DENZIL MARTIN WEST,

    Defendant-Appellant.

Nos. 99-3185 & 99-3190
(D.C. Nos. 97-CR-40036-01 &
96-CR-40013)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

In July 1997, Defendant-Appellant Denzil Martin West ("West") accepted a

plea agreement and pled guilty to: (1) one count of possession of

methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1);

(2) one count of criminal forfeiture in violation of 21 U.S.C. §§ 841(a)(1) and

853; and (3) one count of conspiracy to distribute methamphetamine in violation

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of 21 U.S.C. § 846, with reference to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (See Aplt. App. at 27-28.)  The district court sentenced West to 96 months imprisonment and five years of supervised release for each of the possession and conspiracy counts, with the sentences to run concurrently.  (See id. at 20-21.)

West's attorney has determined that West's appeal of his sentence is without merit.  West's attorney has therefore filed a motion to withdraw as attorney of record and a corresponding Anders brief outlining West's apparent grounds for appeal.  See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  Anders requires that such a brief must refer to "anything in the record that might arguably support the appeal."  Id.  Consistent with this requirement, counsel informs us that appellant wishes to allege that the district court erred when it increased West's guideline score by an additional four points based on findings that he had obstructed justice and had used a firearm in connection with one or more of the charged offenses.  (See Aplt. Br. at 4.)

As relevant to the issues presented in this appeal, West apparently paid Victor Kiister to kill an individual whom West believed had acted as a government informant in connection with the possession, forfeiture, and conspiracy crimes for which he had been charged.  (See PSR at 10, 12.)  Although Kiister shot the alleged informant, he was not killed.  (See id. at 12.)  The Pre-Sentence Report ("PSR") recommended a two-point enhancement for use of a

- 2 -

weapon in connection with the drug crimes to which West had pled guilty pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(b)(1). The PSR asserted that the shooting "should be considered an act in furtherance of a jointly undertaken criminal activity between the defendant and Kiister." (See id. at 14.) The PSR also recommended a two-point enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 because of West's role in the attempted murder. (See id.)

West objected to both of these recommended upward adjustments on the ground that the information related to the shooting was derived from West's post-plea cooperation with the government and therefore could not be considered at sentencing pursuant to U.S.S.G. § 1B1.8(a). (See id. at 28-30.) The government responded to the objections by asserting that the information regarding West's role in the shooting contained in the PSR was derived from independent sources, not from statements that West made to the government, and that this information could therefore be used as a basis for an upward adjustment. (See id. at 29-30.) The government explained this fact was documented by a report prepared by Detective Tim Holsinger, summarizing an interview he conducted with a witness, John Autem. (See id.)

At West's sentencing hearing, the district court found that the upward adjustments for the use of a firearm and obstruction of justice were appropriate. In reaching this conclusion, the court acknowledged both parties' arguments.

(Aplt. App. at 5-6.)  The court then stated that it had "reviewed the investigative interview report prepared by Detective Holsinger after an interview with John Autem" and that the report revealed that "Autem's comments went into some detail about Kiister's admitted involvement with West" in the attempt to kill the informant.  (Id. at 6.)  The court also indicated that it was "satisfied that these hearsay comments are supported by sufficient indicia of reliability."  (Id. at 6.)  Finally, the court concluded that "USSG section 1(b)1.8(a) does not preclude the two enhancements."  (Id.)

As an initial matter, we must address the government's argument that West waived his right to appeal the sentence in the plea agreement.  (See Aple. Br. at 3-5.)  Paragraph 13 of West's plea agreement states: "Defendant freely, voluntarily, knowingly and intelligently waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence, including the forfeiture."  (See Aplt. App. at 31.)  Although we are inclined to find that West waived his right to appeal his sentence by signing the plea agreement,[1] the transcript of the

---

[1]We recognize that the reference to "any right to appeal" could be construed to mean that the defendant has no right to appeal.  We believe, however, that a common sense reading of the phrase "any right to appeal" adequately communicates that the defendant has a right to appeal.  Nonetheless, the better practice would be to include a reference to the defendant's statutory right to appeal his sentence under 18 U.S.C. § 3742 in the plea agreement.  See, e.g., United States v. Hernandez, 134 F.3d 1435, 1436-37 (10th Cir. 1998) (finding that a statement of a knowing waiver of the right to appeal in a plea

(continued...)

plea hearing contains a troubling remark made by the court to the defendant. The transcript of the hearing reveals that the court informed West, contrary to the terms of the plea agreement, that he had a right to appeal his sentence under some circumstances.[2] For this reason, we decline to dismiss West's appeal on the ground that West waived his right to appeal his sentence.

Turning to West's claim that the district court enhanced his sentence in violation to § 1B1.8(a), we begin by observing that "[t]he government has the burden of proving by a preponderance of the evidence that a particular sentence enhancement is warranted." United States v. Moore, 55 F.3d 1500, 1501 (10th Cir. 1995). "Legal conclusions under the sentencing guidelines are reviewed under the de novo standard, while factual determinations made by the district court are reviewed for plain error." United States v. Lacey, 86 F.3d 956, 962 (10th Cir. 1996). In order to resolve the § 1B1.8(a) issued raised by West in this

[1](...continued)
agreement is sufficient to show waiver where the plea agreement also explained that the defendant has a statutory right to appeal his sentence pursuant to 28 U.S.C. § 3742).

[2]The relevant portion of the plea hearing colloquy states:

THE COURT:     Do you also understand that under some circumstances, you or the government have the right to appeal any sentence that I impose?

DEFENDANT:     Yes.

(Tr. July 25, 1997 at 17.)

appeal, this court ordered West to supplement the record on appeal with a copy of the police report referred to and relied upon by the district court during the sentencing hearing. The supplemental appendix submitted by West in response to the order contains two separate police reports: one dated December 31, 1996 and another dated March 31, 1998. Both of the reports were written by Detective Holsinger and summarize interviews with Autem. Unfortunately, neither the PSR nor the sentencing transcript reveal which of these two reports was used for purposes of calculating West's sentence. Although this ambiguity initially caused this court some concern, we nonetheless find that the district court did not err in enhancing West's sentence for obstruction of justice and possession of a firearm based on his role in the attempted murder of the government informant.

U.S.S.G. § 1B1.8(a) prohibits the sentencing court from considering self-incriminating information provided by the defendant to the government pursuant to a promise in the plea agreement to provide information concerning unlawful activities of others. Significantly, § 1B1.8(a) only prevents a district court from sentencing a defendant based on self-incriminating statements made by the defendant: "Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that the self-incriminating information provided pursuant to the agreement will not be used against the

defendant, then such information shall not be used in determining the applicable guideline range . . . ." U.S.S.G. § 1B1.8(a) (emphasis added). In this case, the district court did not rely on the information provided by West pursuant to the plea agreement in determining that an upward adjustment was appropriate. Rather, the district court looked to a report prepared by a member of the Labette County Sheriff Department summarizing an interview with a third-party witness. Indeed, this case is very similar to cases in which we have held that a district court may rely on the statements of a co-defendant in enhancing a defendant's sentence even though a defendant admitted to the same conduct pursuant to a grant of immunity in the plea agreement. See United States v. Davis, 912 F.2d 1210, 1213 (10th Cir. 1990); United States v. Boyd, 901 F.2d 842, 845 (10th Cir. 1990).

Our inquiry does not end at this point, however. In Davis, we further emphasized that § 1B1.8(a) was not implicated because there was no "indication that the co-defendants' statements were elicited as a result of [the defendant's] plea agreement with the government." Davis, 912 F.2d at 1213. Our analysis of West's § 1B1.8(a) claim is somewhat complicated by the fact that the record on appeal contains two investigative reports prepared by the Labette County Sheriff's Office summarizing two separate interviews with Autem. (See Aplt. Supp. App.) This is because the first report is dated December 31, 1996, seven months prior to

West's guilty plea, while the second report is dated March 31, 1998, eight months after West's guilty plea. No § 1B1.8(a) issue could arise with respect to the first report because it was made prior to the time that the government and West entered into the plea agreement and therefore clearly could not have been derived from West's self-incriminating statements. The same cannot be said of the 1998 report because West gave the government self-incriminating information concerning his role in the attempted murder on March 19, 1998–twelve days before the date of the second interview with Autem. (See Aple. Supp. App. at Vol. I.) However, the information contained in the first Autem interview was surely sufficient to lead to the second Autem interview without reliance on any intervening admissions by West.

Even assuming the district court relied on the later report, we conclude that reversal is not warranted in this case. The district court essentially concluded that the report it relied upon was derived from a source independent of West's immunized statements. (See Aplt. App. at 5-6.) Based on the record before this court, we cannot conclude that the trial court clearly erred in making this finding. West offers no evidence to prove his allegation that the information relied on by the district court was derived from West's own self-incriminating statements.[3] In

---

[3]In addition, we find no error with respect to the district court's decision to rely on the police report in concluding that West had in fact hired Kiister to kill

(continued...)

conclusion, there was no error with respect to § 1B1.8(a) because the district court did not rely on West's immunized statements in enhancing West's sentence.

Because counsel seeks to withdraw from representation of West pursuant to Anders, this court has an obligation to ensure that the appellant, in fact, has no meritorious claims that he might raise on appeal.  See id. at 744-45 (noting that where counsel seeks to withdraw, the court, after full examination of all the proceedings, must decide whether the case is wholly frivolous).  This court specifically considered the district court's decision to enhance West's sentence based on Kiister's possession of a firearm, although we conclude that there was no error with respect to this aspect of West's sentence.  Possession of a dangerous weapon is a specific offense characteristic for U.S.S.G. § 2D1.1, the applicable guideline for the crimes to which West plead guilty.  U.S.S.G. §1B1.3 sets forth the relevant conduct that may be considered when sentencing a defendant under the guidelines and explains the circumstances under which the special offense characteristics apply.  Section 1B1.3 provides, in relevant part, that "specific offense characteristics . . . shall be determined on the basis of . . . all acts and omissions committed, aided, abetted, counseled, commenced, induced, procured,

[3](...continued)
the government informant.  Regardless of which report the district court relied on, there were sufficient indicia of reliability with respect to either report to justify the district court's decision to use this evidence for sentencing purposes.  See U.S.S.G. § 6A1.3.

or willfully caused by the defendant . . . that occurred . . . in the course of attempting to avoid detection or responsibility for that offense." Both the 1996 and 1998 police reports make clear that the shooting of the alleged informant was an act procured by West in the course of attempting to avoid responsibility for the drug possession and conspiracy crimes to which he had plead guilty. Thus, under the plain language of § 1B1.3, West's basic offense level could be increased by two points based on Kiister's possession of the firearm. Our review of the record reveals no other possible error warranting discussion.

For the reasons stated above, we AFFIRM the judgment of the district court and GRANT counsel's motion to withdraw.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge