**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

KENNETH STERLING BINNS,
*Defendant-Appellant.*

No. 03-4530

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-02-191)

Submitted: November 26, 2003

Decided: December 22, 2003

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Carl J. Roncaglione, Jr., Charleston, West Virginia, for Appellant.
Kasey Warner, United States Attorney, Michael H. Spencer, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Kenneth Sterling Binns pled guilty to aiding and abetting the possession with intent to distribute of a quantity of cocaine and more than 5 grams of cocaine base (crack), 21 U.S.C.A. § 841(a), (b)(1)(B) (West 1999 & Supp. 2003), and was sentenced to a term of 108 months' imprisonment. Binns appeals his sentence, arguing that the district court clearly erred in denying him a mitigating role adjustment under *U.S. Sentencing Guidelines Manual* § 3B1.2 (2002), and plainly erred in considering immunized information to deny him the adjustment. *See* USSG § 1B1.8. We affirm.

The incident underlying the offense to which Binns pled guilty occurred in June 2002, when he and his co-defendant, Richard Johnson, under surveillance by law enforcement officers, were observed driving in a minivan which proved to contain 35.3 grams of crack and a loaded 9mm firearm. Binns was arrested several months later, entered into a proffer agreement, and divulged information about the drug organization in which he was a participant. Johnson also cooperated. In sentencing Binns, the district court relied in part on the activity which was observed while Binns was under surveillance, and in part on information provided by Johnson, to determine that Binns did not have a minor or minimal role in the offense. The district court's determination as to a defendant's role in the offense is a factual finding reviewed for clear error. *United States v. Reavis*, 48 F.3d 763, 768 (4th Cir. 1995). The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a minor role adjustment. *United States v. Nelson*, 6 F.3d 1049, 1058 (4th Cir. 1993).

Under USSG § 1B1.8, information provided by a defendant about the unlawful activities of others pursuant to a cooperation agreement may not be used to determine his guideline range. Information separately obtained from co-defendants may be considered, *see United States v. Baird*, 218 F.3d 221, 231 (3d Cir. 2000), unless the information "was elicited solely as a result of, or prompted by, the defendant's cooperation." *See also United States v. Gibson*, 48 F.3d 876, 879 (5th Cir. 1995); *United States v. Davis*, 912 F.2d 1210, 1213 (10th Cir. 1990).

Binns argues first that there were no facts apart from immunized information to justify denying him a mitigating role adjustment. However, he has failed to identify any information that actually demonstrates that he had a minor role in the drug organization. Even if the district court had been limited to considering Binns' activity on June 11, 2002, while he was under surveillance, that activity did not provide enough information to establish any kind of role adjustment.

More importantly, the district court was free to consider the information contained in Johnson's statement. Binns did not produce any evidence that Johnson's statement was obtained as a result of Binns' own cooperation or that, had Binns not cooperated, Johnson would also have refused to cooperate. *Gibson*, 48 F.3d at 878-79; *Davis*, 912 F.2d at 1213. Binns suggests that Johnson's statement was obtained "as a direct result of the government's entering into a Proffer Agreement with Mr. Binns earlier on December 6, 2002 . . . ." (Appellant's Br. at 24). However, he did not present any evidence to this effect in the district court. Therefore, the district court did not clearly err in denying Binns a mitigating role adjustment.

Binns also claims that the district court's reference to information provided by Johnson constituted plain error. *United States v. Olano*, 507 U.S. 725, 732-37 (1993) (unpreserved error may be corrected only if error occurred, that was plain, and that affects substantial rights, and if failure to correct error would seriously affect the fairness, integrity, or public reputation of judicial proceedings). Because the district court was not barred from considering Johnson's statement, no error occurred.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*