Jonathan R. Chapman, Asst. U.S. Atty., Portland, Me., for plaintiff.

E. Paul Eggert, Portland, Me., for defendant.

### AMENDED[1] MEMORANDUM OF DECISION AND ORDER

**UNITED STATES of America**

v.

**Elmelindo LUNA, Jr., a/k/a Junior.**

**Crim. No. 89–00024–P.**

United States District Court, D. Maine.

April 5, 1990.

GENE CARTER, Chief Judge.

Defendant Elmelindo Luna, Jr. is one of ten defendants named in a multicount indictment charging various offenses in connection with cocaine trafficking in the District of Maine. Four of these defendants underwent a jury trial and were convicted by a jury on September 16, 1989. Defendant Luna, however, entered a plea of guilty to Counts One, Six, Eight and Eleven of the Indictment on June 19, 1989. He was not a participant in the trial of the other four defendants.[2] Count One charges a conspiracy to possess, with intent to distribute, and to distribute in excess of five hundred grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and § 846. Counts Six, Eight and Eleven charge distinct instances of commission of the offense of possession of cocaine

---

**1.** The only amendments made by this Amended Memorandum are the following:

The date of conviction indicated as *September* 16, 1989 in the Court's Memorandum of Decision and Order of March 23, 1990 is hereby corrected to read *August* 16, 1989 (*see* page 1, line 5, and page 2, line 13, of prior Memorandum).

The date the "remaining defendant pled guilty to Counts Two, Three and Four of the Indict-

ment" was incorrectly referred to as July 24, 1989 in Footnote 1 of the prior Memorandum; the correct date is July 27, 1989.

**2.** Of the remaining defendants, two are fugitives; two pled guilty on May 4, 1989, to Count Sixteen of the Indictment; and the remaining defendant pled guilty to Counts Two, Three and Four of the Indictment on July 24, 1989.

with intent to distribute, or aiding and abetting therein, in violation of the same sections of title 21 and 18 U.S.C. § 2. These are the offenses of which Defendant stands convicted on his pleas of guilty. On acceptance of the pleas, the Court ordered the preparation of the customary presentence investigation report. The report, as prepared by the investigating officer, sets out the offense conduct at paragraphs 16 through 47. The officer, relying upon information from various sources but including testimony given in the trial of the four codefendants who went to trial on September 16, 1989, reached the conclusion in paragraph 51 of the report as follows:

> The applicable Base Offense Level as determined from [§] 2D1.1(a)(3) is *Level 28*, based upon the total amount of substance containing cocaine involved in the offense conduct being approximately 2.275 kilograms.

At the presentence conference held in this matter, Defendant's counsel challenged the use of evidence from the trial of codefendants at which Defendant was not present and to which he was not a party for purposes of determining the Base Offense Level applicable in sentencing Defendant Luna. The issue, as identified by the Court at the presentence conference is as follows:

> Are the drug quantities established by the evidence at the trial of codefendants Ramirez, Guthzeit, West, and Zuleta (primarily the testimony of Ruth Guerin, Cora Cressey, Randall Nowell, and Special Agent William Jipson, and a tape recorded statement by Defendant Ramirez) to be taken into account in determining the overall offense level as contended for by the Government in Government's Objection # 2.

Defendant insists, through counsel, that the utilization of the subject evidence to determine Base Offense Level for purposes of his sentencing violates his right to confront the witnesses against him. Specifically, Defendant sets forth his position with the following language:

> The defendant contends that the government has the burden of proof with regard to establishing the facts disputed by the defendant ... [omitting citations]. The defendant further contends that the government must meet this burden by establishing any quantities of cocaine through the use of testimony from live witnesses subject to the cross-examination of the defendant to test the accuracy and credibility of those witnesses. The defendant should have that right to cross examine because of the significant difference in the sentence which the court will be required to impose depending upon the exact amount of cocaine which is included in the defendant's relevant conduct.

Defendant's Memorandum on the Question of His Right to Confront Witnesses in a Sentencing Hearing at 5. The Government, on the other hand, while conceding that it does have the burden of proof on the issue of the drug quantity amount to be assessed for purposes of determining Defendant's Base Offense Level, asserts that the evidence adduced at the trial of the four codefendants is relevant and useable for that purpose and that the Government may rely thereon in an effort to carry its burden of proof because the defendant in a sentencing proceeding does not have, under *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), for purposes of determining sentence, a right of confrontation of the witnesses against him sufficient to preclude the utilization of such evidence if the factfinder finds it to be reliable.

The issue is not an easy one. So far as the Court can determine, only three other courts have confronted the precise issue under the new Sentencing Commission Guidelines. In *United States v. Castellanos*, 882 F.2d 474 (11th Cir.1989), the Court of Appeals for the Eleventh Circuit, in an opinion authored by Judge Tjoflat, found it proper under the Guidelines for a sentencing judge to utilize "the evidence presented at the defendant's *own* trial in resolving disputed facts for sentencing purposes." *Id.* at 476. The court then went on to hold, however, that

> when the sentencing judge relies on evidence adduced at the trial of another,

however, no such procedural guaranties are present. The evidence presented at trial of Marsha Usan therefore cannot be used to fashion appellant's sentence any more than could testimony adduced at a narcotics trial in another jurisdiction.

*Id.* at 477. No specific rationale for this conclusion and no basis for that conclusion, other than that set forth above, is stated in the opinion.

The Court of Appeals for the Tenth Circuit, however, in *United States v. Beaulieu*, 893 F.2d 1177 (10th Cir.1990), reached the opposite conclusion on the basis of a thoroughly analytical approach to the issue in the context of the United States Supreme Court text stated in *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). The *Beaulieu* court rejected the *Castellanos* decision as unpersuasive. At 1180–81. In doing so the court stated:

> In our view, this broad holding does not adequately recognize the differences between the guilt phase and the sentencing phase of a criminal proceeding. The Supreme Court has made clear that the constitutional requirements mandated in a criminal trial as to confrontation and cross-examination do not apply at noncapital sentencing proceedings ... [omitting citations]. Clearly a defendant at sentencing does not have an absolute right to confront witnesses whose information is made available to the court.... Additionally, as we have already indicated, nothing in the text of the Sentenc-

ing Guidelines requires the exclusion of testimony originating from a separate trial. And finally, the Federal Rules of Evidence, which might bar hearsay evidence from the guilt phase of the trial, do not apply at sentencing ... [omitting citations]. We believe the better rule, therefore, is that reliable hearsay—including testimony from a separate trial—may be used at sentencing to determine the appropriate punishment ... [omitting citations].

*Id.* at 1180–81. The court bases this conclusion squarely upon the language of section 6A1.3 of the Guidelines and of the commentary to that section [3] and upon the Supreme Court's holding and commentary in the opinion in *Williams v. New York, supra.*

This Court is likewise satisfied that the *Castellanos* case is not persuasive for the very reasons stated in the *Beaulieu* opinion. It is clear that the Guidelines do not attempt to significantly alter the standards for utiliztaion of evidence in sentencing proceedings that prevailed prior to the enactment of the Guidelines. When one reads carefully the Supreme Court's articulation of those standards and the rationale for them as set forth in *Williams*, it strikes this Court as transparently clear that a defendant's right of confrontation is not a sufficient basis to disable the court or the prosecution from utilizing evidence which the court finds to be reliable, obtained as the result of trial proceedings to which the particular defendant was not a party.[4]

---

**3.** Section 6A1.3 of the Guidelines provides:

(a) When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

The Commentary to this section adds:

In determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial. 18 U.S.C. § 3661. Any information may be considered, so long as it has "sufficient indicia of reliabili-

ty to support its probable accuracy." *United States v. Marshall*, 519 F.Supp. 751 (D.Wis. 1981), *aff'd*, 719 F.2d 887 (7th Cir.1983); *United States v. Fatico*, 579 F.2d 707 (2d Cir.1978). Reliable hearsay evidence may be considered. Out-of-court declarations by an unidentified informant may be considered "where there is good cause for the nondisclosure of his identity and there is sufficient corroboration by other means." *United States v. Fatico*, 579 F.2d at 713. Unreliable allegations shall not be considered. *United States v. Weston*, 448 F.2d 626 (9th Cir.1971).

**4.** The third court to confront the issue raised here is the Court of Appeals for the District of Columbia Circuit in the case of *United States v. Chandler*, 894 F.2d 463 (D.C.1990), where the court reached the same result as was obtained

Accordingly, this Court is satisfied that the utilization of the information from the trial of the four codefendants in this matter as relevant to the determination of the drug quantity amount for purposes of determining the Base Offense Level under the Sentencing Commission Guidelines to be applicable to this Defendant for purposes of determining sentence is appropriate and that Defendant has no right of confrontation of the witnesses who provided the information in the course of those trial proceedings which bars utilization of that evidence by the prosecution for purposes of carrying its burden of proof in sentencing proceedings. Utilization of such evidence *by the Court* for the purposes of determining the Base Offense Level under the Guidelines is also proper if the Court determines that the evidence obtained from the prior trial proceedings is of sufficient reliability to warrant its utilization. This latter issue is one which the Court must determine after having afforded this Defendant an opportunity to challenge, confute, or otherwise rebut any or all of the evidence so utilized by the probation officer and proposed for utilization by the Court in imposing sentence. The Court therefore holds that the information set forth in paragraphs 16 through 47 of the report is appropriately included and that it may be utilized by the Government in the effort to carry its burden of proof by a preponderance of the evidence to establish the drug quantity amount applicable to this Defendant in determining the Base Offense Level to be applied in his sentencing proceedings under the Sentencing Commission Guidelines.

Accordingly, Defendant's objection is hereby OVERRULED.

The Clerk shall forthwith schedule this matter for a reconvened Presentence Conference.

So ORDERED.

in *Castellanos.* The court's discussion of the issue, however, is extremely brief, based as it is upon what appears to this Court to be an erroneous concession by the Government that the utilization of the jury verdict in a codefendant's trial, in which the defendant to be sentenced was not a party, was error. Noting the concession, the court simply stated that the defendant to be sentenced was not a party to that trial "and cannot be bound by the verdict." It is this Court's view that the persuasiveness of that case is tainted irremediably by the Government's erroneous concession of error. Further, it is to be noted that the opinion in *Chandler* is an unpublished disposition according to the LEXIS information. Under the law of this circuit, it may not be cited and relied upon. *Bachelder v. Communications Satellite Corporation,* 837 F.2d 519, n. 5 (1st Cir.1988).