911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lee Ernest NEWELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lee Ernest NEWELL, Defendant-Appellant.
 No. 89-5470, 89-5485.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1990.
Decided Aug. 15, 1990.
 
 Appeals from the United States District Court for the Middle District of North Carolina at Greensboro. Frank W. Bullock, Jr., District Judge. (CR-88-136-G)
 Charles A. Lloyd, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney and Senior Litigation Counsel, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and CLYDE H. HAMILTON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Following his guilty plea to attempted possession of cocaine with intent to distribute, 21 U.S.C. Secs. 841(a)(1), (b)(1)(B) and 846, the defendant was sentenced on September 1, 1989. The judgment imposing sentence was filed on September 7, 1989. On October 16, 1989, Newell filed a motion for extension of time in which to file a notice of appeal. Rule 4(b), Fed.R.App.P. On the same date he filed a notice of appeal from the judgment entered on September 7, 1989. On October 17, 1989, the district court denied Newell's motion for extension of time in which to file a notice of appeal. On October 25, 1989, Newell entered a notice of appeal from the order denying the extension of time in which to file a notice of appeal. For the reasons stated below we affirm the district court's refusal to grant an extension of time for filing the notice of appeal and dismiss the appeal from the judgment for lack of jurisdiction.
 
 
 2
 At Newell's sentencing hearing, he withdrew his challenge to the amount of cocaine calculated for his offense conduct, indicating through counsel, "I really don't have a legitimate contest on that and I withdraw it." He also decided not to put on evidence about his role (minimal versus minor) in the offense, stating, "I am content with the Court's own review of what was presented at trial...." The only factual issue for resolution at sentencing was whether Newell was entitled to an additional downward departure (over and above substantial assistance) for duress and coercion. U.S.S.G. Sec. 5K2.12.
 
 
 3
 The district court agreed with the probation officer's classification of Newell's role as that of a "minor participant" in the offense. U.S.S.G. Sec. 3B1.2. Defendant's guideline range was computed at Base Offense Level 32, minus 2 levels for his role as a minor participant, minus 2 levels for acceptance of responsibility, for a total offense level of 28. With a Criminal History Category of I, his guideline range was 78-97 months, a minimum fine of $12,500, a supervised release term of at least three years and a $50 special assessment. After consideration of defendant's testimony and evidence on the duress and coercion issue, Sec. 5K2.12, and hearing argument by both parties, the district court concluded that a downward departure for coercion was not justified; however, the court granted a "substantial departure" based on the government's motion for a departure for substantial assistance, U.S.S.G. Sec. 5K1.1, and imposed a sentence of 30 months imprisonment, a 3-year period of supervised release and a $50 special assessment.
 
 
 4
 Rule 4(b), Fed.R.App.P., provides that in direct criminal appeals "the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from." Upon a showing of excusable neglect, the district court has the authority to extend this time limit for an additional period of 30 days. Compliance with the requirements of Rule 4(b) is both mandatory and jurisdictional. United States v. Robinson, 361 U.S. 220, 229 (1960); United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir.1982). As Rule 4(b) provides, where a criminal defendant files his notice of appeal after the elapse of the 10-day period but within the 30-day extension period allowed, as Newell did, he may seek the 30-day extension for filing his notice of appeal by showing excusable neglect. United States v. Reyes, 759 F.2d 351 (4th Cir.), cert. denied, 474 U.S. 857 (1985). Newell has failed to show excusable neglect for failing to file a notice of appeal within the prescribed 10-day period.
 
 
 5
 The excusable neglect exception, which is reviewable for abuse of discretion, United States v. Kaden, 819 F.2d 813, 815-17 (7th Cir.1987); United States v. Breit, 754 F.2d 526 (4th Cir.1985), is established where the record shows that the defendant did "all he could do under the circumstances" to appeal within the time limits of the rule. United States v. Houser, 804 F.2d 565, 569 (9th Cir.1986); Reyes, supra, at 353-54. Newell was advised of his right to appeal at the time of sentencing on September 1, 1989, and the record reflects that he made no effort or attempt to appeal within the 10-day period following the entry of judgment on September 7, 1989. It could be said that he made an informed decision to forego an appeal within the 10-day notice period provided under Rule 4(b). Newell's decision to seek a belated appeal was prompted by his receipt, from a United States Probation Officer in Georgia, of a copy of the decision in United States v. Castellanos, 882 F.2d 474 (11th Cir.1989). This decision, as vacated 1990 WL 81732 (June 13, 1990), is factually distinguishable from Newell's case in that Newell withdrew his objections to the amount of cocaine calculated for his offense conduct.
 
 
 6
 Because we do not think the district court abused its discretion in finding there existed no excusable neglect, we affirm the court's order denying Newell's motion to extend the time within which to file an appeal from the judgment entered September 7, 1989. The direct appeal from the judgment entered September 7, 1989, is dismissed for lack of jurisdiction. Rule 4(b), Fed.R.App.P.
 
 
 7
 We have determined that the briefs and record were sufficient and have granted the parties' motion to decide the case without oral argument.
 
 
 8
 AFFIRMED.