41 F.3d 1516
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Keith AVERILL, Defendant-Appellant.
 No. 93-4228.
 United States Court of Appeals, Tenth Circuit.
 Nov. 15, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before HENRY and LOGAN, Circuit Judges, and BROWN, District Judge.[2]
 
 
 2
 Defendant Donald Keith Averill appeals his sentence following a guilty plea to one count of distribution of a controlled substance, in violation of 21 U.S.C. 841(a)(1). The only substantive issue on appeal is whether the district court abused its discretion in denying defendant an evidentiary hearing at sentencing regarding the quantities of cocaine used as relevant conduct in establishing his base offense level.
 
 
 3
 Defendant and several codefendants were indicted for violations of federal drug statutes. Some codefendants pleaded guilty, but defendant and codefendants Robert W. Mitchell and Jorge Lopez chose to stand trial. Just before the trial began, defendant left the community treatment center where he had been placed on release. The government issued an arrest warrant when he failed to appear for trial. The trial continued for Mitchell and Lopez, who were both convicted on all counts. Defendant surrendered during the course of their trial.
 
 
 4
 Defendant ultimately pleaded guilty to a single count of distribution of cocaine, in violation of 21 U.S.C. 841(a)(1). The district court ordered a presentence investigation pursuant to Fed.R.Crim.P. 32(c) and U.S.S.G. 6A1.1. The presentence investigator incorporated information from the Mitchell-Lopez trial transcripts in calculating the sentencing range. Defendant filed a written objection to the use of that evidence, claiming that it was unreliable. At sentencing the district court denied defendant's request for an evidentiary hearing on the issue of relevant conduct. The court found that the information in the presentence report (PSR) was reliable and was based largely on evidence that the judge heard in the Mitchell-Lopez trial.
 
 
 5
 The district court adopted the factual findings of the PSR, which estimated a total drug quantity of 2652.70 grams of cocaine, for a base offense level of 28. See U.S.S.G. 2D1.1(c)(8). The PSR calculated a total offense level of 29 and criminal history category of III. The district court reduced defendant's total offense level one point for acceptance of responsibility, then sentenced defendant to 97 months in prison based on a 97 to 121-month range.[3]
 
 
 6
 Defendant asserts the district court should have held an evidentiary hearing to address his objections that the PSR included as relevant conduct drug quantities from transactions unrelated to the charged offense and based upon unreliable information. We review denial of a request for an evidentiary hearing for abuse of discretion. United States v. Gines, 964 F.2d 972, 977 (10th Cir.1992), cert. denied, 113 S.Ct. 1023 (1993). "Due process does not mandate an evidentiary hearing to establish the accuracy of ... information contained in a presentence report before it can be considered by the trial court." Id. at 977 (quoting United States v. Papajohn, 701 F.2d 760, 763 (8th Cir.1983)). The Federal Rules of Criminal Procedure provide that
 
 
 7
 the court shall provide the defendant and the defendant's counsel with a copy of the report of the presentence investigation, ... The court shall afford the defendant and the defendant's counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.
 
 
 8
 Fed.R.Crim.P. 32(c)(3)(A) (emphasis added). Thus, although the defendant must be given an opportunity to comment on the presentence report, the court has broad discretion in determining whether to hold a hearing. Gines, 964 F.2d at 977.
 
 Rule 32 also provides that
 
 9
 [i]f the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i)a finding as to the allegation, or (ii)a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.
 
 
 10
 Fed.R.Crim.P. 32(c)(3)(D). The Guidelines provide that "[i]n resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. 6A1.3. The district court here listened to defendant's oral arguments and allowed defendant to file a pleading challenging the PSR. The district court then found that "the information provided by the United States Probation Department is reliable and based in great extent upon evidence that the Court has already listened to," II R. 14-15, thus rejecting defendant's allegation of factual inaccuracy. The district court was in a position to assess the credibility of the Mitchell-Lopez trial witnesses and the reliability of the PSR information revealed in that proceeding.
 
 
 11
 Defendant asserts that the use of testimony by witnesses whom he was not allowed to cross-examine violated his right to confrontation. We have rejected an identical argument in United States v. Beaulieu, 893 F.2d 1177, 1180 (10th Cir.), cert. denied, 497 U.S. 1038 (1990). In Beaulieu, we discussed and rejected a statement in an Eleventh Circuit panel opinion that a sentencing judge could not rely on testimony adduced at the trial of another in sentencing the defendant.[4] We stated that such a view "does not adequately recognize the differences between the guilt phase and the sentencing phase of a criminal proceeding. The Supreme Court has made clear that the constitutional requirements mandated in a criminal trial as to confrontation and cross-examination do not apply in non-capital sentencing proceedings." Id. at 1180 (footnote omitted). We adopted the rule that "reliable hearsay--including testimony from a separate trial--may be used at sentencing to determine the appropriate punishment." Id. at 1181.
 
 
 12
 Finally, we note that the district court did not make written findings concerning defendant's allegations of factual inaccuracy in the PSR. See Fed.R.Crim.P. 32(c)(3)(D); U.S.S.G. 6A1.3. "When faced with specific allegations of factual inaccuracy by the defendant, the court cannot satisfy Rule 32(c)(3)(D) by simply stating that it adopts the factual findings and guideline application in the presentence report." United States v. Pedraza, 27 F.3d 1515, 1530 (10th Cir.), cert. denied, 63 U.S.L.W. 3293 (U.S. Oct.11, 1994). "If the district court fails to comply with Rule 32(c)(3)(D), we must remand for the court to either make the necessary findings and attach them to the presentence report, or enter a declaration that it did not take the controverted matters into account in sentencing the defendant." Id. at 1530-31.
 
 
 13
 REMANDED to the district court for findings pursuant to Fed.R.Crim.P. 32(c)(3)(D). AFFIRMED in all other respects.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Wesley E. Brown, Senior United States District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [3]
 Defendant pleaded guilty to distributing approximately 250 grams of cocaine. The base offense level for this amount is 20. U.S.S.G. 2D1.1(c)(12). Applying the same adjustments actually made to establish defendant's total offense level results in a total offense level of 20. With a criminal history category of III, the sentencing range is 41-51 months. See id. 5A
 
 
 [4]
 See United States v. Castellanos, 882 F.2d 474, 477 (11th Cir.1989). On rehearing the same panel backed off its earlier statement, saying
 [i]t was never the position of this panel that a sentencing court may not consider testimony from the trial of a third party as a matter of law; rather, we were of the view that a sentencing court must follow the procedural safeguards incorporated in section 6A1.3 of the guidelines--safeguards designed to protect the defendant's right to respond to information offered against him and to ensure reliability of the information under consideration.
 United States v. Castellanos, 904 F.2d 1490, 1496 (11th Cir.1990).