106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Douglas EHRLICH, Dean Lafromboise, and Michael Cozzens,
Defendants/Appellants.
 Nos. 95-30258, 95-30298 and 95-30299.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 20, 1996.
Decided Jan. 10, 1997.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and BREWSTER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Douglas Ehrlich ("Ehrlich") appeals his sentencing after pleading guilty to one count of conspiracy to distribute methamphetamine, cocaine and marijuana (21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2), one count of using or carrying a firearm during a drug trafficking crime (18 U.S.C. § 924), and one count of money laundering (18 U.S.C. § 1956). He received a 292 month sentence on the conspiracy count and a 60 month consecutive sentence on the gun count. The sentence on the conspiracy count was enhanced for drug trafficking in a school zone (21 U.S.C. § 860).
 
 
 4
 Appellant Michael Cozzens ("Cozzens") was convicted by jury trial of conspiracy to distribute methamphetamine, cocaine and marijuana (21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2), and using and carrying a firearm in two counts (18 U.S.C. § 924(c)). He received a 340 month sentence for the conspiracy, and a 60 month consecutive sentence on the gun counts.
 
 
 5
 Appellant Dean LaFromboise ("LaFromboise") was convicted by jury trial of conspiracy to distribute methamphetamine, cocaine and marijuana (21 U.S.C. § 841(a)(1), 846, and 18 U.S.C. § 2), and using and carrying a firearm in three counts (18 U.S.C. § 924(c)). He received a 360 month sentence for the conspiracy and a mandatory 360 month consecutive sentence for the gun counts as one of the counts specified use of a machine gun.
 
 I. BACKGROUND
 
 6
 This case arose from appellant Ehrlich's operation of a drug distribution ring in Billings, Montana between 1993 and 1994. He primarily distributed methamphetamine in addition to some cocaine and marijuana from his residence and a warehouse in Billings. One of his primary sources for methamphetamine was John Estrada ("Estrada"), a resident of California. At the height of his operations in 1994, Ehrlich was purchasing five to ten pounds of methamphetamine at a time, traveling to California approximately every other week. LaFromboise first met Ehrlich at his warehouse in the summer of 1994 through a friend who identified Ehrlich as a drug source. Ehrlich first distributed drugs to LaFromboise in August or September, 1994. The trial testimony indicated that Ehrlich employed LaFromboise to work for him, including work collecting drug debts, and that LaFromboise acted to protect the warehouse on the evening of October 21, 1994 when Estrada came to Billings to collect a debt from Ehrlich. Cozzens became involved with Ehrlich in the fall of 1993, when Ehrlich began regularly supplying him with methamphetamine, cocaine and marijuana. The trial included testimony from several witnesses who purchased drugs from Cozzens. The record showed that Cozzens also attempted to collect at least one drug debt for Ehrlich. At trial, the government not only introduced evidence regarding drug transactions, but also introduced into evidence numerous firearms seized from various defendants, including a machine gun.
 
 II. APPELLANT EHRLICH
 
 7
 Ehrlich here appeals only the sentence imposed on him subsequent to his guilty plea.
 
 
 8
 A. The constitutionality of 21 U.S.C. § 860
 
 
 9
 Ehrlich first challenges the constitutionality of the enhanced penalty he received for drug trafficking in a school zone, pursuant to 21 U.S.C. § 860, in light of the Supreme Court's holding in U.S. v. Lopez, 514 U.S. 549, 115 S.Ct. 1624 (1995). We review a determination on the constitutionality of a statute de novo. U.S. v. Gordon, 974 F.2d 1110 (9th Cir.1992); U.S. v. Litteral, 910 F.2d 547 (9th Cir.1990). Appellant's position is without merit. Section 860 regulates an activity, drug trafficking, that substantially affects interstate commerce. U.S. v. Staples, 85 F.3d 461, 463 (9th Cir.1996); U.S. v. Leshuk, 65 F.3d 1105 (4th Cir.1995). Congress has the power to regulate this activity regardless of where it takes place, and has no less power to do so simply because it takes place in a school zone. See U.S. v. McDougherty, 920 F.2d 569, 572 (9th Cir.1990), cert. denied, 499 U.S. 911 (1991). Thus, the statute is constitutional. See U.S. v. Clark, 67 F.3d 1154 (5th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1432 (1996) (finding Section 860 constitutional after Lopez ); U.S. v. Tucker, 90 F.3d 1135 (6th Cir.1996) (same).
 
 
 10
 B. The use of co-conspirator's testimony in calculating offense level
 
 
 11
 Ehrlich also takes issue with the calculation of his offense level at sentencing, which was based on quantities of drugs which were not known to the government at the time of entering Ehrlich's plea, but which were revealed through the testimony of co-conspirators at trial. In the Presentence Report ("PSR") submitted to the district court prior to Ehrlich's sentencing, the Probation Officer indicated that the quantities mentioned by the co-conspirators would not be used in calculating the offense level. The government, however, argued that such quantities should be included.[1] The district court agreed.
 
 
 12
 Ehrlich first argues that the sentencing violated his agreement with the government granting him immunity for his trial testimony. Generally, under the Sentencing Guidelines, the sentencing court has broad discretion to consider any information which is sufficiently reliable. U.S. v. Notrangelo, 909 F.2d 363, 365 (9th Cir.1990). On the other hand, United States Sentencing Guidelines ("U.S.S.G.") § 1B1.8 prohibits the court from sentencing the defendant by using testimony which is covered by a grant of immunity to that defendant. U.S. v. Abanatha, 999 F.2d 1246, 1249 (8th Cir.1993), cert. denied, 511 U.S. 1035, 114 S.Ct. 1549 (1994). Appellant argues that both he and the testifying co-conspirators were given immunity, and thus Section 1B1.8 prohibits the use of either's testimony. Appellant's argument is without merit. While Section 1B1.8 protects a defendant from the use of his own testimony, the guideline does not extend immunity to the use of a co-conspirators' testimony.
 
 
 13
 Appellant also argues that use of this testimony deprived him of his right to cross-examination, as he was not represented at the trial where this testimony was elicited. Again, appellant's argument is unavailing. Although the Eleventh Circuit has expressed disfavor with the use of such testimony, U.S. v. Castellanos, 882 F.2d 474 (11th Cir.1989), revised, 904 F.2d 1490 (11th Cir.1990), both this Court and the Tenth Circuit have found that the use of a co-defendant's testimony is proper, even if offered at a separate trial where defendant has no opportunity for cross-examination. U.S. v. Beaulieu, 893 F.2d 1177 (10th Cir.1990), cert. denied, 497 U.S. 1038 (1990); Notrangelo, 909 F.2d at 365. The sentencing court must only ensure that such testimony " 'has sufficient indicia of reliability to support its probable accuracy.' " Id. (citing U.S.S.G. § 6A1.3, comment). We find that the district court's decision to consider this testimony was appropriate.
 
 
 14
 Finally, appellant argues that he was given insufficient notice of the potential use of this testimony and was therefore deprived of his right to rebut it. U.S. v. Wise, 881 F.2d 970, 972 (11th Cir.1989); U.S. v. Blackwell, 49 F.3d 1232, 1236 (7th Cir.1995). The record, however, reveals that the government served and filed a notice of objection to the PSR in which it indicated that it would request a higher base offense level calculation derived, in part, from information contained in the co-conspirator's trial testimony. Thus, Ehrlich had prior notice of the potential use of this testimony and had an opportunity to prepare a rebuttal. The district court's decision to rely on these facts will not be disturbed.
 
 III. APPELLANT LAFROMBOISE
 
 15
 Appellant LaFromboise challenges both his jury convictions and his sentencing.
 
 
 16
 A. Sufficiency of the evidence for conspiracy
 
 
 17
 The jury found LaFromboise guilty under Count 1, which alleged a conspiracy to distribute methamphetamine, marijuana and cocaine. Appellant argues that the evidence and testimony presented at trial were insufficient to sustain this conviction.
 
 
 18
 When reviewing a jury determination of guilt based on a challenge to the sufficiency of the evidence, the court asks whether, "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found [the defendant] guilty beyond a reasonable doubt. U.S. v. Ouinn, 18 F.3d 1461 (9th Cir.), cert. denied, 512 U.S. 1242, 114 S.Ct. 2755 (1994); Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 19
 In order to prove a drug conspiracy, the government must show: (1) an agreement to accomplish an illegal objective, and (2) an intent to commit the unlawful act. U.S. v. Shabani, 513 U.S. 10, 115 S.Ct. 382 (1994); U.S. v. Foster, 57 F.3d 727, 729 (9th Cir.1995). This case is controlled by our earlier holding in U.S. v. Lennick, 18 F.3d 814 (9th Cir.1994), cert. denied, 513 U.S. 856, 115 S.Ct. 162 (1994), where we found that a conspiracy to distribute drugs "requires proof of 'an agreement to commit a crime other than the crime that consists of the sale itself.' " Id. at 819 (citing U.S. v. Lechuga, 994 F.2d 346, 347 (7th Cir.) (en banc), cert. denied, 510 U.S. 982 (1993)). Evidence that the supplier sold a large quantity to the alleged co-conspirator can give rise to an inference that such drugs were being distributed, but cannot, without more, sustain a conviction for conspiracy. Lechuga, 994 F.2d at 347; U.S. v. Delgado, 4 F.3d 780, 787 (9th Cir.1993). Evidence that the alleged co-conspirator provided "muscle" for the operation also supports the finding of a conspiracy. U.S. v. Power, 881 F.2d 733, 737 (9th Cir.1989); U.S. v. Wood, 550 F.2d 435, 441 (9th Cir.1976). Evidence was introduced at trial from which the jury could have concluded that LaFromboise was selling for Ehrlich instead of on his own account, that he worked for Ehrlich and collected debts and stolen property for Ehrlich, and that he came to the warehouse to help Ehrlich protect it against Estrada, all of which tend to show a joint enterprise. The Court finds that the evidence in this case shows more than a mere buy-sell relationship. A reasonable jury could have found that Ehrlich and LaFromboise had an on-going agreement that Ehrlich would be a regular supplier for LaFromboise's distribution business. Ehrlich "fronted" drugs to LaFromboise, LaFromboise acted to protect the conspiracy, and he collected drug debts for Ehrlich. There is sufficient evidence in this record to support LaFromboise's conviction for conspiracy to distribute.
 
 B. The convictions under 18 U.S.C. § 924
 
 20
 LaFromboise was also convicted on multiple counts alleging violations of 18 U.S.C. § 924(c), which provides mandatory additional imprisonment for an individual who, "during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm." There are two elements which must be shown to support a conviction under Section 924(c): (1) an underlying predicate offense, and (2) using and/or carrying a firearm. U.S. v. Castaneda, 9 F.3d 761, 765 (9th Cir.1993), cert. denied, 511 U.S. 1041, 114 S.Ct. 1564 (1994). In order to establish liability for violations of Section 924 by co-conspirators, the government can rely on the use and/or carry of weapons by co-conspirators. Pinkerton v. U.S., 328 U.S. 640 (1946); U.S. v. Castaneda, 9 F.3d 761 at 765.
 
 
 21
 Appellant challenges the Section 924(c) convictions primarily on the grounds that: (1) the several gun convictions were based on the same underlying predicate offense, the Count 1 conspiracy conviction, in violation of the rule announced by this Court in U.S. v. Smith, 924 F.2d 889 (9th Cir.1991), and (2) that the Supreme Court's decision in Bailey v. U.S., --- U.S. ----, 116 S.Ct. 501 (1995), which reinterpreted the meaning of the term "use" for purposes of Section 924, rendered the jury instruction in this case incorrect. The arguments regarding the gun convictions were not raised in the district court. Where objections are not raised in the district court, the appeals court reviews any deficiencies in the underlying proceedings only for "plain error." U.S. v. Gaudin, 997 F.2d 1267 (9th Cir.1993), cert. denied, 513 U.S. 1087, 115 S.Ct. 745 (1995).
 
 
 22
 1. Multiple Section 924 convictions based on the same underlying predicate offense
 
 
 23
 In U.S. v. Smith, 924 F.2d at 894, the we found that a conviction on an underlying predicate offense can only support one conviction under Section 924. We found that, "each 924(c)(1) count must be supported by a separate predicate offense." Id.; see also U.S. v. Henning, 906 F.2d 1392, 1399 (10th Cir.1990), cert. denied, 498 U.S. 1069 (1991); U.S. v. Henry, 878 F.2d 937 (6th Cir.1989); U.S. v. Privette, 947 F.2d 1259, 1262-63 (5th Cir.1991), cert. denied, 503 U.S. 912 (1992). In this case, all of the Section 924 convictions rested on the same underlying predicate offense, the Count 1 conspiracy. Appellant was sentenced, however, with respect to only one of the Section 924 convictions. Our holding in U.S. v. Martinez, 7 F.3d 146 (9th Cir.1993), indicates that the district court proceeded properly. The Martinez court specifically suggested two ways to handle the Smith directive:
 
 
 24
 the district court should either (1) submit separate counts under section 924(c)(1) to the jury, and, if there is more than one conviction, merge those convictions after the trial, or (2) submit one section 924(c)(1) charge to the jury with special interrogatories requiring the jury to specify which weapon or weapons the defendant used or carried.
 
 
 25
 Martinez, 7 F.3d at 148 n. 1; see also U.S. v. Wills, 88 F.3d 704, 719-20 (9th Cir.1996) (upholding more than one Section 924 conviction based on the same underlying offense, but directing that defendant should be sentenced as to only one); U.S. v. Melvin, 27 F.3d 710, 716 (1st Cir.1994) (following Martinez ). The district court properly followed the Martinez rule in this case, and LaFromboise's convictions are not improper on that ground.
 
 
 26
 2. The Section 924 convictions after Bailey v. U.S.
 
 
 27
 After the conclusion of this trial, the Supreme Court issued its decision in Bailey v. U.S., --- U.S. ----, 116 S.Ct. 501 (1995), which changed the interpretation of the term "use" for purposes of Section 924. This reinterpretation, which effected a change in Ninth Circuit law, requires a reversal of appellant's Section 924 convictions.[2] Jury Instruction No. 39 in this case states:
 
 
 28
 a firearm is considered to be used/carried during and in relation to a drug trafficking crime if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used. Where a firearm is found in direct relation to narcotics, it is considered to be used/carried during and in relation to a drug trafficking crime even where the defendant is not present when the firearm is found by law enforcement officials.
 
 
 29
 This instruction, while correct under prior Ninth Circuit law, is no longer correct in light of Bailey. See, e.g., U.S. v. Hernandez, 80 F.3d at 1257; U.S. v. Willett, 90 F.3d 404, 407 (9th Cir.1996). Where the jury could have based its conviction on an improper understanding of the term "use," the conviction must be overturned. U.S. v. Gonzalez, 93 F.3d 311 (7th Cir.1996); U.S. v. Thomas, 86 F.3d 647, 651 (7th Cir.1996). The evidence regarding the firearms, particularly the machine gun, indicates that the jury may have relied on mere storage or proximity of the weapon. Thus, the convictions on Counts 2, 8, and 28 cannot be upheld.
 
 
 30
 C. Denial of the motion for judgment of acquittal
 
 
 31
 LaFromboise also challenges the district court's denial of his motion for judgment of acquittal on all counts but Counts 1, 7, and 28, which he made at the close of the government's case. LaFromboise based this motion on his argument that the government had not shown that he could be held liable for the actions of his co-conspirators which took place after he withdrew from the conspiracy and after he was in custody. The district court denied the motion. Generally speaking, once a conspiracy is found, all co-conspirators are liable for all actions taken by other co-conspirators which are (1) in furtherance of the conspiracy and (2) reasonably foreseeable. Pinkerton, 328 U.S. at 646-48; U.S. v. Crespo de Llano, 838 F.2d 1006, 1019 (9th Cir.1987). However, a conspirator can withdraw from a conspiracy and thereby relieve himself of liability for subsequent acts of the conspiracy. Levine v. U.S., 383 U.S. 265, 266 (1966); U.S. v. Brewer, 983 F.2d 181, 184 (10th Cir.), cert. denied, 508 U.S. 913 (1993); U.S. v. O'Campo, 973 F.2d 1015, 1021 (1st Cir.1992). A conspirator accomplishes a withdrawal by "taking steps inconsistent with the conspiracy and communicating those acts in a manner reasonably calculated to reach the co-conspirator." U.S. v. Butler, 41 F.3d 1435, 1446 (11th Cir.1995); U.S. v. Johnson, 956 F.2d 894, 906 (9th Cir.1992), modified on other grounds, 969 F.2d 849 (9th Cir.1992).
 
 
 32
 LaFromboise argues that he withdrew from the conspiracy by robbing Ehrlich's warehouse. There was evidence, however, of continuing communications and conduct between LaFromboise and Ehrlich from which a jury could have inferred that they had patched up their differences and decided to continue working together. Thus, although the jury was properly prepared to consider the possibility of withdrawal, they apparently chose not to accept it. We find that the district court's denial here was based on correct instructions and the evidence and should therefore be upheld.
 
 D. Disparate Sentences
 
 33
 LaFromboise also challenges his sentence on the Section 924 count on the grounds that it was inconsistent with the sentence received by Ehrlich. As appellant's Section 924 conviction is being vacated on other grounds, the Court need not reach this issue.
 
 IV. APPELLANT COZZENS
 
 34
 A. Sufficiency of the evidence for conspiracy
 
 
 35
 Appellant Cozzens, like LaFromboise, also argues that the evidence of conspiracy was insufficient to convict. As with LaFromboise, we find that there was sufficient evidence presented for a reasonable jury to find that Cozzens was a member of the conspiracy. The jury could have concluded from the evidence before it that Cozzens sold for Ehrlich, stored drugs for Ehrlich, collected debts for Ehrlich, travelled to Las Vegas for Ehrlich, arranged a meeting for Ehrlich, and used the term 'partner' to describe his relationship with Ehrlich. This evidence is sufficient to sustain Cozzens' conviction for conspiracy to distribute.
 
 B. The convictions under 18 U.S.C. § 924
 
 36
 As discussed above, Cozzens' convictions under Section 924 must be analyzed in light of the holding in Bailey. The jury found Cozzens guilty of using or carrying a .22 caliber pistol, although no .22 caliber pistol was introduced into evidence. The evidence indicated that Cozzens "used," "carried," and possessed various small firearms. Since the jury verdict could have been based on mere possession of the weapon, the convictions on Counts 2 and 8 cannot stand.
 
 
 37
 C. Inconsistent jury determinations on Counts Two, Three and Four
 
 
 38
 Appellant Cozzens was found guilty as to Count 2, but was acquitted as to Counts 3 and 4, which he argues is inconsistent. All three counts involve a Section 924 charge. As Cozzens' conviction on Count 2 is being vacated on other grounds, the Court need not reach this issue.
 
 
 39
 D. Upward adjustment for manager/supervisor role in the conspiracy
 
 
 40
 Finally, Cozzens challenges the district court's decision to give him an upward adjustment in sentencing for his role as a manager or supervisor in the drug distribution operation, pursuant to U.S.S.G. § 1B1.1(b). Any factual determinations underlying the application of the sentencing guidelines are reviewed only for "clear error" by the district court. U.S. v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989). In this case, the award of an additional penalty for a role as a manager or supervisor depends upon the district court's conclusion that as a factual matter, Cozzens played such a role. U.S. v. Hernandez, 952 F.2d 1110, 1119 (9th Cir.1991), cert. denied, 506 U.S. 920 (1992); U.S. v. Sanchez, 908 F.2d 1443, 1448-49 (9th Cir.1990), cert. denied, --- U.S. ----, 116 S.Ct. 167 (1995); U.S. v. Avila, 905 F.2d 295, 298 (9th Cir.1990). Based on the evidence in the record, the district court reasonably concluded that Cozzens managed or supervised others on Ehrlich's behalf.
 
 V. CONCLUSION
 
 41
 For the foregoing reasons, the Court herein AFFIRMS the sentence of appellant Ehrlich. The Court also AFFIRMS the conspiracy convictions of appellants Cozzens and LaFromboise and the "supervisory" enhancement for Cozzens. Finally, the Court VACATES the Section 924 gun convictions for appellants LaFromboise and Cozzens and REMANDS the case for retrial as to those convictions.
 
 
 
 *
 The Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ehrlich's plea agreement specifically indicated that: "the parties are free to argue as to what, if any, (1) drug quantities are involved in Count 1 ..."
 
 
 [2]
 Although this trial took place before the Bailey case was decided, the new definition still applies to the review of this case. See, e.g., U.S. v. Hernandez, 80 F.3d 1253 (9th Cir.1996) (applying the Bailey rule to evidence presented at a trial held in September, 1994)